CALABRIAN CORP., PLAINTIFF *v.* U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANT, AND WILLIAM BLYTHE & CO., LTD. AND BASF CORP., DEFENDANT-INTERVENORS

Court No. 90–09–00481

(Dated June 20, 1991)

*Brownstein Zeidman & Schomer* (*Steven P. Kersner* and *Ronald M. Wisla*), on the motion, for plaintiff.

*Lyn M. Schlitt,* General Counsel, *James A. Toupin,* Assistant General Counsel, United States International Trade Commission (*Elizabeth C. Hafner*), on the motion, for defendant.

*Dow, Lohnes & Albertson* (*William Silverman* and *Ryan Trainer*), and *Steptoe & Johnson* (*Richard O. Cunningham* and *Jay H. Reiziss*), on the motion, for defendant-intervenors.

MEMORANDUM OPINION AND ORDER

CARMAN, *Acting Chief Judge:* Defendant-Intervenors move this Court to strike all nonrecord facts and legal arguments contained in plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's 56.1 Motion for Judgment on the Agency Record. Defendant U.S. International Trade Commission ("Commission") supports defendant-intervenors' motion in part. Plaintiff contests the negative preliminary injury determination issued by the Commission in *Certain Sodium Sulfur Chemical Compounds from the Federal Republic of Germany, the People's Republic of China, Turkey and the United Kingdom,* USITC Pub. No. 2307, Inv. Nos. 701-TA-303, 731-TA-465-468 (Prelim.) (Aug. 1990), 55 Fed. Reg. 35, 373 (Aug. 29, 1990) ("Determination") with respect to imports of sodium metabisulfite. Plaintiff challenges the Com-

mission's findings that sodium metabisulfite and sodium bisulfite constitute a single like product and the Commission's determination that there is no reasonable indication of material injury or threat of material injury by reason of allegedly subsidized and less than fair value imports of sodium metabisulfite from the Federal Republic of Germany, the People's Republic of China, Turkey, and the United Kingdom.

On the facts presented, this Court grants in part and denies in part defendant-intervenors' motion to strike facts and legal arguments not on administrative record.

## DISCUSSION

As to the first fact, defendant-intervenors and defendant both contend that plaintiff alleges for the first time on pages 29 and 30 of its Memorandum that [[ confidential ]]. Plaintiff's Memorandum at 29–30. Defendant-Intervenors and defendant contend that this information is not supported by evidence on the administrative record.

Plaintiff does not cite to the administrative record where these matters appear. In fact, in Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike Portions of Plaintiff's Memorandum ("Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike"), plaintiff offers the explanation that the sentence appearing on pages 29 and 30 of Plaintiff's Memorandum "was offered by plaintiff as a possible explanation of [[ confidential ]] motivation for [[ confidential ]]." *Id.* at 3.

This Court construes the nature of plaintiff's offered sentences as being in the nature of argument. Because plaintiff asserts, in the two sentences above, facts that are not supported by the administrative record, they are stricken.

With respect to the second fact, defendant-intervenors contend that the following sentences should be stricken because they are not based on evidence in the administrative record. Defendant requests that only the underscored clause below be stricken.

> The administrative record indicates that the only use for sodium bisulfite is in waste water treatment. A.R. Doc. #90 at A-5. Indeed, *there are no grades of sodium bisulfite.* All of Plaintiff's sales of sodium bisulfite are made to local area purchasers who add sodium bisulfite directly into waste water effluent st[r]eams [sic].

*See* Defendant-Intervenors' Motion to Strike Facts and Legal Arguments not on Administrative Record ("Defendant-Intervenors' Motion to Strike") at 8 (citing Plaintiff's Memorandum at 46).

Plaintiff cites to the administrative record in support of this argument. *See* Plaintiff's Memorandum at 46. This Court finds that it would appear that reasonable disputes may exist as to what the Plaintiff's Memorandum states. Therefore, this Court denies both defendant-intervenors' and defendant's motion to strike these sentences.

Defendant-Intervenor further contends that the following sentences appearing on page 46 of Plaintiff's Memorandum should be stricken be-

cause they draw legal conclusions from the information appearing on page 46. Defendant-Intervenors' Motion to Strike at 8.

> Plaintiff asserts that there is no rational basis for the Commission [to] determine that sodium metabisulfite and sodium thiosulfate are separate like products and then to find that under similar circumstances sodium metabisulfite and sodium bisulfite constitute a single like product. Due to the various uses for sodium metabisulfite and the single use for sodium bisulfite, these two chemicals should be found to be separate like products.

Plaintiff's Memorandum at 47. Defendant asserts no position concerning these sentences.

This Court observes that this paragraph appears to be a legal conclusion in the nature of argument. In addition, plaintiff cites to the administrative record in support of its argument. See Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike at 8–9. In light of this Court's determination in regard to the sentences appearing on page 46 of Plaintiff's Memorandum and addressed above, this Court denies defendant-intervenors' motion to strike these sentences.

The third group of facts, that defendant-intervenors contend are not based on information in the administrative record, appears at page 48 of Plaintiff's Memorandum. Defendant asserts no position as to these sentences. They are as follows.

> A customer who purchases sodium bisulfite will add the product directly from a storage tank into the effluent stream. A customer who purchases sodium metabisulfite must dissolve the product, achieve the proper concentration, and then enter it into the effluent stream. Thus a customer presently using sodium bisulfite would have to alter his manufacturing process in order to accommodate the extra steps necessary to use sodium metabisulfite. Therefore, even in the area of overlapping usage, the products are not interchangeable in practical terms.

Plaintiff's Memorandum at 48.

Plaintiff counters that this argument is based on the information in the administrative record and cites to a question raised by Mr. Greenblatt of the Commission staff concerning this topic. See Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike at 10 (citing A.R. Doc. # 45 at 58–59).

This Court finds that plaintiff has cited to the administrative record in reference to the sentences appearing on page 48 of its Memorandum. Therefore, this Court denies defendant-intervenors' motion to strike these sentences.

Lastly, defendant-intervenors and defendant contend that facts appearing on page 28 of Plaintiff's Memorandum should be stricken. Defendant requests that only the underscored clause and sentences below be stricken.

> Plaintiff notes that *in the sister sodium thiosulfate investigation, which did go to a final investigation, the Commission conducted on-*

*site verification of the [sic] both companies' questionnaire responses and requested that certain adjustments be made to the question-naire responses. Accordingly, a strong likelihood exists that the Commission would have adjusted [[ confidential ]] in a manner similar to adjustments [[ confidential ]] by the Commission in Conf. A.R. Doc. #19.*

Plaintiff's Memorandum at 28.

As to these facts, plaintiff requests that this Court take judicial notice that (1) a verification was conducted by the Commission in the final sodium thiosulfate investigation, and (2) it is the normal practice of the Commission to verify the responses of domestic producers in the context of final determinations. Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike at 5. Plaintiff also points out that defendant-intervenors and defendant do not contest these facts. This Court declines to take judicial notice because it appears to be unnecessary. Furthermore, the Court observes that plaintiff has not supplied authority as to what the normal practice of the Commission is in the verification process.

Defendant-Intervenors note that the Commission's actions in the sodium thiosulfate case concerned events that occurred several months after the administrative record for this case was closed and the Determination issued. Defendant-Intervenors' Motion to Strike at 12. As a consequence, defendant-intervenors conclude that the facts from the on-site verification and requested adjustments to data are not on the administrative record, and, therefore, they are nonrecord facts and should be stricken from Plaintiff's Memorandum. *Id.*

As to the first sentence beginning with "Plaintiff notes" and ending with "be made to the questionnaire responses" on page 28 of Plaintiff's Memorandum, it appears that on-site verification took place subsequent to the Commission's Determination in this case and, therefore, is not part of the administrative record. This Court orders that this sentence be stricken from Plaintiff's Memorandum.

With respect to the sentence beginning with "Accordingly" and ending with "by the Commission in Conf. A.R. Doc. #19" on page 28 of Plaintiff's Memorandum, this Court observes that this sentence appears to be in the nature of argument. While the sentence appears to be couched in conjecture as to what the Commission might have done under certain circumstances, this Court determines not to strike this sentence from the Plaintiff's Memorandum. Nevertheless, this Court observes that this sentence appears to be entitled to little weight.

As to the second issue raised in defendant-intervenors' motion, defendant-intervenors request this Court to strike plaintiff's legal argument in reference to like products because plaintiff has not exhausted all administrative remedies. Defendant was silent as to this issue. Specifically, defendant-intervenors request that the following passages of Plaintiff's Memorandum be stricken because plaintiff failed to request that the Commission divide the subject merchandise into three separate

like products during the underlying administrative proceedings (Defendant-Intervenors' Motion to Strike at 16–18 and Exhibit 2):

1. all of paragraph "C" on page 2;

2. page 9, beginning with the words "Even if" in line 11, and ending with the words "products is appropriate" in line 8 of page 10.

3. all of plaintiff's argument as set forth in section "D," beginning on page 34 with the words "THE COMMISSION INCORRECTLY" in line 4, and ending with the words *Yuasa General Battery II, supra*" in line 16 on page 57;

4. page 62, beginning with the words "Plaintiff notes that" at the start of plaintiff's argument "E(2)," and ending with the words "subject to investigation" in line 3 on page 63;

5. page 65, beginning with the words "Moreover, Plaintiff" in line 8, and ending with the words "even further" in line 16 on the same page;

6. page 65, beginning with the words "Again Plaintiff notes" in line 19, and ending with the word "data" in line 21 on the same page; and

7. page 73, beginning with the words "First, as discussed in" in line 15, and ending with the word "bisulfite" in line 3 on page 74.

Defendant-Intervenors argue that judicial review is limited to legal arguments that plaintiff raised before the Commission. Defendant-Intervenors contend that because plaintiff did not raise these arguments before the Commission, it has not exhausted all of its administrative remedies, and, therefore, plaintiff's legal arguments should be stricken from its Memorandum.

Defendant-Intervenors assert that plaintiff initially wanted the Commission to consider sodium metabisulfite, sodium bisulfite, and sodium thiosulfate as a single like product. The Commission, however, determined that sodium metabisulfite and sodium bisulfite are a single like product and sodium thiosulfate is a separate like product.

Plaintiff's complaint contests the Commission's like product finding. Plaintiff concedes that it did not contest the principle of dividing the subject chemicals into separate like products, but rather it contested the manner in which such chemicals were divided. Plaintiff contends that the Commission's finding that sodium metabisulfite and sodium bisulfite are a single like product, yet constitute a separate like product vis-a-vis the third chemical (sodium thiosulfate) is arbitrary, capricious, and otherwise not in accordance with law.

Plaintiff notes that this argument is purely a legal issue which does not seek to add any factual data to the administrative record. Plaintiff's Opposition to Defendant-Intervenors' Motion to Strike at 15–16. Plaintiff states that its claim as set forth in section D of its argument, beginning on page 34 with the words "THE COMMISSION INCORRECTLY" and ending with the words *Yuasa General Battery II, supra*" on page 57, does not rely on information that was submitted to the Court without an opportunity for prior agency consideration. Plaintiff further con-

tends that there is sufficient information in the administrative record to support either a single like product or a three separate like product finding as to each of the three chemicals subject to investigation. Therefore, plaintiff alleges in its legal argument set forth in its Memorandum at pages 34–57 that the Commission's failure to conduct any like product analysis as to sodium metabisulfite and sodium bisulfite was contrary to law.

This Court finds plaintiff's claim that the Commission's finding was arbitrary, capricious, and otherwise not in accordance with law is in the form of a legal argument and that this legal argument is based upon information in the administrative record. This Court denies defendant-intervenors' motion to strike plaintiff's legal argument as set forth in section D of its Memorandum (pages 34–57) and all other passages set forth in Exhibit 2 of Defendant-Intervenors' Motion to Strike.

For the reasons given above, it is hereby

ORDERED that defendant-intervenors' motion to strike facts and legal arguments not on the administrative record is granted in part and denied in part as consistent with the Court's opinion herein.